## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FEB 1 2 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

**MS. MANISHA MEHTA**                    *
802 Trotters Ridge Lane, Apartment B
Gaithersburg, Maryland 20879             *
     **Plaintiff,**
                                          *

     **v.**                               *

**JAMISON PROFESSIONAL**                  *
**SERVICES INC.**
2995 E Point St.                          *
East Point, GA 30344                      *    CIVIL CASE No.: _21 CV 388 GJH_
     **Waiver of Service Request to:**
     **Samuel Jackson**                   *
     **CEO, JPS Inc.**
     **2995 East Point St.**              *
     **East Point, GA 30094**
                                          *

     **&**                                *

     **Samuel Jackson**                   *
     **CEO, JPS Inc.**                    *
     **1271 McWilliams Rd. SW**
     **Conyers, GA 30094**                *

**BEST COPY & PRINTING, INC.**            *
7851 Beechcraft Ave Unit E
Gaithersburg, MD 20879                    *
     **Serve Resident Agent:**
     Rajendra Joshi                       *
     9310 Jarrett Court
     Gaithersburg, MD 20879              *

**RAJENDRA JOSHI**                        *
9310 Jarrett Court
Gaithersburg, MD 20879                    *

     **Defendants.**
*     *     *     *     *     *     *     *     *     *     *     *

**JURY TRIAL REQUESTED**

### COMPLAINT

Plaintiff, Manisha Mehta, a former employee of the Defendants, respectfully files this Complaint on behalf of herself. Plaintiff Mehta seeks redress for unpaid wages under the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL") and for her wrongful termination under the Fair Labor Standards Act (FLSA).

## THE PARTIES

**PLAINTIFF**

1. Plaintiff Manisha Mehta (hereinafter Plaintiff Mehta) is an adult citizen of the State of Maryland, Montgomery County.

**DEFENDANTS**

2. Defendant Jamison Professional Service. (hereinafter Jamison or Defendant Jamison) operates a for-profit, staffing company, located in East Point, Georgia.

3. Defendant Jamison conducts business in the State of Maryland in Montgomery County, Maryland, by providing staffing services to Defendants Best Copy & Printing, Inc. ("BCPI") and BCPI's President, Defendant Rajendra Joshi ("Defendant Joshi").

4. Defendant Jamison's annual gross volume of sales and/or business done exceeds $500,000.

5. Defendant Jamison engages in interstate commerce.

6. Defendant BCPI is a for profit corporation which is headquartered and operates in Montgomery County, Maryland.

7. Defendant BCPI's annual gross volume of sales and/or business done exceeds $500,000.

8. Defendant Joshi is the President of BCPI.

2

9.  Defendants were jointly and individually Plaintiff Mehta's employer within the meaning of the term of the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), the MWPCL, Md. Ann. Code, Labor & Employment, §3-501, and the FLSA, 29 U.S.C. § 203(d).

10. Defendants are jointly and individually subject to the MWPCL, MWHL, and FLSA.

11. Defendant Jamison employed and paid Plaintiff Mehta as its employee.

12. Defendant Jamison issued Plaintiff Mehta her bi-weekly paychecks.

13. Defendant Jamison issued Plaintiff Mehta a W-2 for each year of her employment with Defendants.

14. Defendants are in sole possession of the documents necessary to state a precise claim for damages.

15. Defendants BCPI and Johsi were the supervisors of Plaintiff Mehta and hired Plaintiff Mehta.

16. Defendants BCPI and Joshi Plaintiff Mehta's employer because:

    a.  Plaintiff Mehta worked for Defendant BCPI in Montgomery County, Maryland, at BCPI's offices.

    b.  Plaintiff Mehta was supervised by BCPI employees, including Defendant Joshi.

    c.  Plaintiff Mehta was subject to the employment policies and procedures of Defendant BCPI.

    d.  Defendant Joshi managed the day-to-day operations of Defendant BCPI in Montgomery County, Maryland, including Plaintiff Mehta's employment.

    e.  Defendant Joshi developed and implemented the employment policies and procedures by which Defendant BCPI operates, including its wage payment policies and procedures.

    f.  Defendants BCPI and Joshi set Plaintiff Mehta's manner and amount of pay.

g.  Defendants BCPI and Joshi had the ultimate control over Plaintiff Mehta's work schedule.

h.  Defendants BCPI and Joshi had the authority to and did hire and fire Defendants' employees, including Plaintiff Mehta.

i.  Defendants BCPI and Joshi were directly involved in the payment of Plaintiff Mehta's wages because they set her rate of pay, tracked her hours worked, set her schedule, and informed Defendant Jamison about her hours worked.

j.  Defendant Jamison was directly involved in the payment of Plaintiff Mehta's wages because it issued Plaintiff her paychecks and W-2s.

## FACTS

**Unpaid Wages**

17. Plaintiff Mehta was hired by Defendants in approximately June 2019 to perform administrative office work.

18. Plaintiff Mehta performed administrative duties while being supervised at all times while employed by Defendants.

19. Plaintiff Mehta did not exercise independent judgment and discretion while employed by the Defendants.

20. Plaintiff Mehta did not supervise two or more employees during her employment with Defendants.

21. Plaintiff Mehta could not hire or fire Defendants' employees during her employment with Defendants.

22. Plaintiff Mehta could not discipline Defendants' employees during her employment with Defendants.

4

23. Plaintiff Mehta was at all times an hourly employee for Defendants.

24. Plaintiff Mehta's hourly rate of pay was $14.88 an hour.

25. Plaintiff Mehta was at all times a non-exempt employee during her employment with the Defendants.

26. Plaintiff Mehta was hired by BCPI through a staffing agreement between Defendants Jamison and BCPI.

27. Plaintiff Mehta worked based on a Monday through Friday schedule, from 8:00 a.m. to 4:30 p.m.

28. Plaintiff Mehta was required to clock-in and clock-out via a computerized time keeping system.

29. Upon information and belief, the computerized time keeping system was operated by Defendant Jamison.

30. Plaintiff Mehta was required to work at least 40 hours per week based on her set schedule.

31. Plaintiff often worked in excess of eight hours per day, and 40 hours per week, but was not paid at the proper overtime wage rate of one and one-half times her regular rate of pay for every overtime hour worked.

32. Approximately three times per month, Plaintiff worked as late as 6:30 p.m.

33. During the first week of each bi-weekly pay period ("the first week"), Plaintiff Mehta logged in and worked from 8:00 a.m. through 4:30 p.m.

34. Defendants paid Plaintiff Mehta for the first 40 hours that she worked during the first week.

35. If Plaintiff Mehta worked over 40 hours during the first week, Defendants did not always pay her overtime wages, or any wages, for the extra overtime hours worked.

36. During the second week of the bi-weekly pay period ("the second week"), Plaintiff Mehta logged in on Monday at 8:00 a.m. and worked through 4:30 p.m.

37. On Tuesday of the second week, Plaintiff Mehta logged in at 8:30 a.m. but was required by Defendants to log out at 1:00 p.m., although she continued to work until at least 4:30 p.m.

38. Defendants would not allow Plaintiff Mehta to log in at all Wednesday through Friday of the second week of each pay period, even though she continued to work each day from 8:00 a.m. through at least 4:30 p.m., sometimes later.

39. Plaintiff Mehta was never paid after 1:00 p.m. on Tuesday of the second week, although she worked after 1:00 p.m. on Tuesdays and continued to work her regular schedule on Wednesday, Thursday, and Friday of the second week, off the clock and without pay.

40. Defendants failed to keep the required records regarding Plaintiff Mehta's hours worked.

41. Plaintiff Mehta repeatedly asked Defendants why she was not being paid for the hours that she was working on Tuesday after 1:00 p.m. and at all on Wednesday through Friday of the second week.

42. Defendants' response was always dismissive, stating only that they would "handle it later".

43. Plaintiff Mehta was not paid the required minimum wage for all hours worked, as required by the FLSA, 29 U.S.C. § 206, and MWHL, Md. Ann. Code, Labor & Employment, § 3-413.

44. As a non-exempt employee, Plaintiff Mehta was entitled to overtime wages at a rate of one and one-half times her regular rate of pay for all overtime hours worked.

45. Defendants almost never paid Plaintiff Mehta overtime wages at a rate of one and one-half times her regular rate of pay for all overtime hours worked in excess of 40 hours per

workweek as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, § 3-415.

46. Defendants failed to pay Plaintiff Mehta all wages owed, including minimum wages, overtime wages, and her agreed upon hourly rate, for all hours worked, as required by MWPCL, Labor and Employment § 3-505.

47. Over two weeks have elapsed from the date on which the Defendants were required pay Plaintiff Mehta all owed wages as required by the MWPCL, Labor and Employment § 3-505.

48. Defendants' failure to pay Plaintiff Mehta all wages owed was not done in good faith and was willful.

49. Defendants' failure to pay Plaintiff Mehta all wages owed was not the result of a bona fide dispute.

50. Upon information and belief, Defendants did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA, MWHL, or MWPCL prior to deciding not to pay Plaintiff Mehta all owed wages for all hours worked, including overtime wages.

51. Upon information and belief, Defendants did not have the required notices posted informing their employees about their minimum wage and overtime rights.

**Defendants' Unlawful Termination of Plaintiff**

52. In August 2020, Plaintiff repeatedly pressed Defendants Joshi and her supervisor Dipen Chhadw by telephone concerning why the additional monies due and owing to her for work performed on Tuesday after 1:00 p.m. and Wednesday through Friday of the second week, and for unpaid overtime, were not being paid to her.

53. Defendants, through Defendant Joshi and Mr. Chhadw, fired Plaintiff Mehta when she pressed the issue on the same call in August 2020, solely because she complained about her unpaid wages due and owing.

54. Defendant Jamison supported Defendants BCPI and Joshi's termination of Plaintiff.

## JURISDICTION AND VENUE

55. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 28 U.S.C. § 1331.

56. Venue is appropriate in this jurisdiction because Defendant Jamison operates in Maryland.

57. Venue is appropriate in this jurisdiction because Defendant BCPI is headquartered in and operates in Maryland.

58. Jurisdiction and venue are appropriate in this District because Defendants' illegal conduct occurred in and was decided within this District.

## VIOLATIONS OF LAW

**COUNT I -   MARYLAND WAGE PAYMENT & COLLECTION LAW, FAILURE TO PAY ALL EARNED WAGES**

59. All allegations of this Complaint are incorporated fully in this Count.

60. Plaintiff Mehta is entitled to be compensated for all earned wages under the Maryland Wage Payment and Collection Law, Labor and Employment § 3-505.

61. Plaintiff Mehta has made demands for her owed wages.

62. Defendants refused and still refuse to pay the wages owing to Plaintiff Mehta, including her owed minimum wages, overtime wages, and her agreed upon hourly rate for all hours worked.

63. Over two weeks have passed since Defendants were required to pay Plaintiff Mehta all wages owed.

64. There is no bona fide dispute as to the wages owed by Defendants.

8

65. <u>Relief requested</u> - Pursuant to the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Employment § 3-507, Plaintiff Mehta requests that: (a) the Court award her all wages due and owing; (b) treble damages be assessed against the Defendants; (c) she be awarded pre- and post-judgment interest; and (d) she be awarded her costs and attorney's fees.

## COUNT II – MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY MINIMUM WAGES

66. All allegations of this Complaint are incorporated fully in this Count.

67. Plaintiff Mehta is entitled to payment for unpaid minimum wages under the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-413.

68. Defendants only paid Plaintiff Mehta for 52 hours per bi-weekly pay period, even though she worked a minimum of 80 hours per bi-weekly pay period.

69. During the second week of every pay period, Defendants only paid Plaintiff for 12 hours of work, even though she worked 40 or more hours during the second week of every bi-weekly pay period.

70. At $14.88 per hour, Defendants paid Plaintiff Mehta approximately $178.56 for 12 hours of work during the second week of each bi-weekly period.

71. Because Plaintiff Mehta actually worked 40 or more hours during the second week of each bi-weekly period, Defendants only paid Plaintiff Mehta an hourly wage of approximately $4.46 per hour during the second week of each bi-weekly pay period.

72. Plaintiff's hourly wage paid was less during weeks when Plaintiff worked overtime hours in excess of 40 hours per week.

73. The hourly wage of $4.46 that Defendants paid Plaintiff Mehta was below the applicable minimum wage required by the MWHL and Montgomery County in 2019 and 2020.

74. Defendants' violations of the MWHL were willful violations of the Act.

75. There is no bona fide dispute that the Plaintiff Mehta is owed the unpaid minimum wages sought.

76. Relief requested – Plaintiff Mehta requests that: (a) Defendants be ordered to pay her the required minimum wage for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) she be awarded pre- and post-judgment interest; and (d) she be awarded her attorney's fees and costs.

## COUNT III – MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY OVERTIME WAGES

77. All allegations of this Complaint are incorporated fully in this Count.

78. Plaintiff Mehta, is entitled to payment for unpaid overtime pay under the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-415, due to Defendants' not paying Plaintiff Mehta the required overtime wages.

79. Defendants' violations of the MWHL were willful violations of the Act.

80. There is no bona fide dispute that the Plaintiff Mehta is owed the unpaid wages sought.

81. Relief requested – Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff Mehta for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) she be awarded pre- and post-judgment interest; and (d) she be awarded her attorney's fees and costs.

## COUNT IV - THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY MINIMUM WAGES

82. All allegations of this Complaint are incorporated fully in this Count.

83. Plaintiff Mehta is entitled to payment for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 206.

84. Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff Mehta all minimum wages due to her under the FLSA and its implementing regulations.

85. Defendants only paid Plaintiff Mehta for 52 hours per bi-weekly pay period, even though she worked a minimum of 80 hours per bi-weekly pay period.

86. During the second week of every pay period, Defendants only paid Plaintiff for 12 hours of work, even though she worked 40 or more hours during the second week of every bi-weekly pay period.

87. At $14.88 per hour, Defendants paid Plaintiff Mehta approximately $178.56 for 12 hours of work during the second week of each bi-weekly period.

88. Because Plaintiff Mehta actually worked 40 or more hours during the second week of each bi-weekly period, Defendants only paid Plaintiff Mehta an hourly wage of approximately $4.46 per hour during the second week of each bi-weekly pay period.

89. Plaintiff's hourly wage paid was less during weeks when Plaintiff worked overtime hours in excess of 40 hours per week.

90. The hourly wage of $4.46 that Defendants paid Plaintiff Mehta was below the applicable minimum wage required by the FLSA, MWHL, and Montgomery County in 2019 and 2020.

91. There is no bona fide dispute as to the wages owed or sought.

92. Defendants' failure to pay Plaintiff Mehta her owed minimum wages was not done in good faith and was willful.

93. Plaintiff Mehta was a non-exempt employee based on the nature of her pay and her job duties.

94. <u>Relief requested</u> – Plaintiff Mehta requests that: (a) Defendants be ordered to pay Plaintiff Mehta all minimum wages owed for all hours worked; (b) liquidated damages be assessed against the Defendants; (c) she be awarded pre- and post-judgment interest; and (d) she be awarded her attorney's fees and costs.

## COUNT V - THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY OVERTIME WAGES

95. All allegations of this Complaint are incorporated fully in this Count.

96. Plaintiff Mehta who is entitled to payment for unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207.

97. Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff Mehta all overtime wages due to her under the FLSA and its implementing regulations.

98. There is no bona fide dispute as to the wages owed or sought.

99. Defendants' failure to pay Plaintiff Mehta her owed overtime wages was not done in good faith and was willful.

100. Plaintiff Mehta was a non-exempt employee based on the nature of her pay and her job duties.

101. <u>Relief requested</u> – Plaintiff Mehta request that: (a) Defendants be ordered to pay Plaintiff Mehta for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiff Mehta be awarded pre- and post-judgment interest; (d) and Plaintiff Mehta be awarded her attorney fees and costs.

## COUNT VI - RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

102. All allegations of this Complaint are incorporated fully in this Count.

103. Plaintiff Mehta exercised her protected rights under the Fair Labor Standards Act by complaining about not being paid properly to Defendants, her employers.

104. Plaintiff Mehta was terminated on the same day, at the same time that she complained to her employers about their failure to pay her all her wages owed under the FLSA.

105. The sole reason why Plaintiff Mehta was terminated by Defendants was due to her complaints about not being paid properly.

106. There was a causal connection between Plaintiff's termination and her exercise of protected rights under the FLSA that resulted in her termination from employment with Defendants, in violation of the FLSA, 29 U.S.C. § 215(a)(3).

107. Relief Requested: Plaintiff Mehta requests that: (a) Defendants be ordered to reinstate Plaintiff; (b) that Defendants pay Plaintiff Mehta for all lost wages accrued as a result of her unlawful termination; (c) liquidated damages be assessed against the Defendants; (d) Plaintiff Mehta be awarded pre- and post-judgment interest; (e) and Plaintiff Mehta be awarded her attorney fees and costs.

Respectfully submitted,

Richard Neuworth, Bar #01052
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 443.273.1202
fax. 410.296.8660
rn@joblaws.net

Devan M. Wang #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of her peers hear and decide the claims asserted in this Complaint.

Devan M. Wang #30211

14